IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

FILED

2009 AUG 17 P 4: 26

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| DELL INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:09CV 918 |
| | ) | (JCC)(JFA) |
| v. | ) | |
| | ) | |
| DAVID J. KAPPOS, | ) | |
| | ) | |
| in his official capacity as Under Secretary | ) | |
| of Commerce for Intellectual Property and | ) | |
| Director of the United States Patent | ) | |
| and Trademark Office, and | ) | |
| | ) | |
| UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Nature of the Action

1.    This is an action for a declaratory judgment that the decision of the United States Patent and Trademark Office ("USPTO") to deny the petition of plaintiff Dell Inc. ("Dell") to vacate the USPTO's order granting a petition to accept an allegedly "unintentionally delayed" maintenance fee payment for U.S. Patent No. 6,240,328 ("Dell's Petition") was arbitrary, capricious, an abuse of discretion, not in accordance with the law, unsupported by substantial evidence, and in excess of the USPTO's statutory authority under 35 U.S.C. § 41.   A copy of Dell's Petition is attached as Exhibit 1.   A copy of the July 23, 2009 letter from the USPTO denying Dell's Petition ("Order Denying Dell's Petition") is attached as Exhibit 2.

2. Dell also seeks a declaratory judgment that the delay in paying the first maintenance fee for U.S. Patent No. 6,240,328 ("the '328 patent") was not unintentional, and therefore that USPTO's February 5, 2007 Decision Granting Petition to Accept Unintentionally Delayed Maintenance Fee ("Revival Order"), which revived the expired '328 patent, was arbitrary, capricious, an abuse of discretion, not in accordance with the law, unsupported by substantial evidence and in excess of the USPTO's statutory authority under 35 U.S.C. § 41. A copy of the '328 patent is attached as Exhibit 3. A copy of the Revival Order is attached as Exhibit 4.

3. Dell further seeks injunctive and other relief as set forth below.

## Jurisdiction and Venue

4. This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 and 35 U.S.C. § 41.

5. This Court has jurisdiction and is authorized to issue the relief sought under 28 U.S.C. §§ 1331, 1338(a), 1361, 2201-2202, and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district under 28 U.S.C. § 1391(e).

## The Parties

7. Plaintiff Dell is a corporation organized under the laws of the state of Delaware. Dell's principal place of business is located at One Dell Way, Round Rock, Texas 78682.

8. Defendant the United States Patent and Trademark Office ("USPTO") is a federal agency in the Department of Commerce. The USPTO is located at Madison Building East, Room 10B20, 600 Dulany St., Alexandria, Virginia 22314.

9. Defendant David J. Kappos (the "Director") is the Under Secretary of the United States Department of Commerce and Director of the USPTO.

10. The Director is named in his official capacity as Under Secretary of the United States Department of Commerce and Director of the USPTO. References to the Director herein refer

both to him and to his official predecessors as the context requires.  References to the USPTO herein refer to the defendants collectively.

### Ownership of the '328 Patent

11.     According to the USPTO's assignment records, the application leading to the '328 patent was assigned to Motorola by the named inventors, John D. LaLonde, Craig A. MacDonnell and David Cucuzella, prior to the issuance of the '328 patent.  A copy of these assignment records obtained from the USPTO website is attached as Exhibit 5.

12.     According to those same assignment records, Motorola assigned the '328 patent to the current assignee, Abstrax, Inc. ("Abstrax") on May 30, 2007.  *See* Ex. 5.

13.     There are no other assignments recorded with the USPTO relating to the '328 patent.

### Reviewability and Dell's Standing to Challenge the USPTO's' Orders

14.     Agency action is presumptively subject to judicial review under the APA.  USPTO rules and orders affecting the revival of patents have been reviewed in this Court and others. *See, e.g., Centigram Comm'n Corp. v. Lehman*, 862 F.Supp. 113, 117 n. 9 (E.D. Va. 1994) (judicial review of USPTO rules directed to revival of patents expired for unintentional failure to make timely maintenance payments); *see also Ray v. Lehman*, 55 F.3d 604 (Fed. Cir. 1995) (patentee challenging USPTO's refusal to accept delayed maintenance fee payment); *Morganroth v. Quigg*, 885 F.2d 843, 846 (Fed. Cir. 1989) (holding that "denial of a petition to revive a patent application is subject to review"); *New York Univ. v. Autodesk, Inc.*, 466 F. Supp. 2d 563, 565 (S.D.N.Y. 2006) (explaining that "it would be illogical to hold that [US]PTO decision granting revival [through the acceptance of a late maintenance fee payment] are immune from review, even where they lack any basis in reason or common sense") (internal quotations omitted).

15.     On June 1, 2007, the day after the '328 patent was assigned to Abstrax and less than 6 months after the PTO issued the Revival Order, Abstrax sued Dell alleging that Dell had infringed and was continuing to infringe the '328 patent (the "Infringement Case").

16.     The Infringement Case is currently pending before the U.S. District Court for the Eastern District of Texas. A copy of Abstrax's complaint against Dell is attached as Exhibit 6.

17.     In the Infringement Case, Abstrax seeks damages for the alleged infringement of the '328 patent in excess of $650 million. The majority of those damages are alleged to result from allegedly infringing activities occurring after May 30, 2005, the day the '328 patent expired for non-payment of the Maintenance Fee.

18.     Abstrax also seeks injunctive relief barring Dell from continuing its allegedly infringing activities. *See* Ex. 6.

19.     Absent the USPTO's wrongful issuance of the Revival Order, the '328 patent would have remained expired as of May 30, 2005, for failure to pay the first statutory maintenance fee (the "Maintenance Fee"). As a result, Abstrax would be unable to seek damages for infringement occurring after that date and Abstrax's claim for injunctive relief would be moot.

20.     Absent the USPTO's wrongful Denial of Dell's Petition, the Revival Order would have been vacated in light of the evidence clearly establishing that the delay in paying the Maintenance Fee was not "unintentional" and therefore that the '328 patent had been improperly revived. *See* 35 U.S.C. § 41(c)(1).

21.     Accordingly, Dell falls within the "zone of interests" to be protected or regulated by the applicable statutes, *i.e.*, 5 U.S.C. § 701 *et. seq.* and 35 U.S.C. § 41, and otherwise satisfies the constitutional and other prerequisites for standing to challenge the USPTO's decisions. *See Centigram Comm'n Corp. v. Lehman*, 862 F.Supp. 113, 117 n. 9 (E.D. Va. 1994).

4

22.     Significantly, Dell has no other adequate forum in which to raise this issue, as it is foreclosed from asserting the defense of "improper revival" in the pending Infringement Case. *See Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 543 F.3d 657, 663 (Fed. Cir. 2008) ("[W]e hold that improper revival may not be asserted as a defense in an action involving the validity or infringement of a patent.").[1]

23.     Accordingly, the USPTO's Revival Order and Order Denying Dell's Petition each constitute "final agency action for which there is no other adequate remedy in a court" and properly subject to judicial review under the APA.

24.     Further, there is an actual controversy between the parties within the meaning of 28 U.S.C. § 2201.

### Maintenance Fee Payments and Patent Revival Under 35 U.S.C. § 41

25.     Pursuant to 35 U.S.C. § 41, the USPTO must charge fees for "maintaining in force" issued patents. These fees are referred to as maintenance fees. The first maintenance fee ("Maintenance Fee") is due three and a half years after the patent grant. 35 U.S.C. § 41(b)(1).

26.     Section 41(b) provides for a six month grace period following the date when a maintenance fee becomes due. The maintenance fee can be paid at any time during this grace period. If the maintenance fee is not paid when it becomes due or within the six month grace period, "the patent will expire as of the end of such grace period." *Id.*

27.     Section 41(c)(1) limits the Director's authority to accept a late maintenance fee payment, *i.e.*, a maintenance fee payment after the end of the six month grace period, to those instances where one of two specific showings has been made. First, the Director can accept a late maintenance fee payment made within twenty-four months of the end of the grace period,

---

[1] This precedent has forced Dell into the unfortunate position of having to file suit against the USPTO to protect its ability to challenge the revival of the '328 patent. Dell respects the USPTO and apologizes for the burden this action may place on the agency.

5

but only if the delay is shown to have been "unintentional." 35 U.S.C. § 41(c)(1). Second, the Director can accept a late maintenance fee payment made at anytime after the end of the grace period, but only if the delay is shown to have been "unavoidable." *Id.*

28.    If the late maintenance fee payment is accepted, the patent is "revived," *i.e.*, it is treated as if it had not expired at the end of the grace period. 35 U.S.C. § 41(c)(1).

### Expiration of the '328 Patent

29.    The USPTO issued the '328 patent on May 29, 2001. Ex. 3.

30.    According to USPTO records, the window for payment of the Maintenance Fee for the '328 patent opened on June 1, 2004. A copy of these records obtained from the USPTO website is attached as Exhibit 7. The window for payment "closed," *i.e.*, the six month statutory grace period ended, on May 29, 2005. *See* Ex. 4 at 1.

31.    The '328 patent was assigned to Motorola during the entirety of the window for payment of the Maintenance Fee and at all times prior to May 30, 2007.

32.    On May 11, 2004, an email was sent on behalf of Thomas V. Miller, a Motorola attorney, to Jeffrey Harris, a Motorola employee in the Motorola Computer Group ("MCG"), asking Mr. Harris to make a decision whether to "pay" the annuity (maintenance fee) for or "drop" various Motorola patents, including the '328 patent, that would become due in the fourth quarter of 2004. *See* Motorola Business Records at 1, attached as Exhibit 8.

33.    On May 13, 2004, Mr. Harris responded to Mr. Miller's email by attaching an annuity decision spreadsheet and stating "Here are the . . . annuity decisions for MCG." Ex. 8 at 1.

34.    This "annuity decision spreadsheet" is a business record that Motorola uses to request and receive business decisions on maintenance fee payments for patents owned by Motorola. *See* Declaration of Thomas V. Miller at ¶ 8, attached as Exhibit 9.

35.    In the annuity decision spreadsheet that Mr. Harris sent to Mr. Miller on May 13, 2004, there is a column labeled "Decision (Pay/Drop)." Ex. 8 at 2. The word "drop" appears in the Decision (Pay/Drop) column for the row corresponding to the '328 patent. *Id.*

36.    This record (Ex. 8) evidences Motorola's affirmative and intentional decision to "drop" the '328 patent by not paying the Maintenance Fee. *See* Ex. 8 at 2; *see also* Ex. 9 at ¶ 8.

37.    Pursuant to the decision recorded in the annuity decision spreadsheet, Motorola did not pay the Maintenance Fee for the '328 patent.

38.    Because the Maintenance Fee was not paid as of the end of the statutory grace period, the '328 patent expired on May 30, 2005.

### Improper Revival of the '328 Patent

39.    Abstrax learned on or about November 17, 2006 that the Maintenance Fee had not been paid and that, as a result, the '328 patent had expired.

40.    Abstrax retained a patent lawyer, Mr. W. Jackson Matney, Jr., to act on its behalf.

41.    Mr. Matney was not the attorney of record on file with USPTO for the '328 patent.

42.    On November 17, 2006, Mr. Matney filed a Petition to Accept an Unintentionally Delayed Maintenance Fee Payment for the '328 patent ("Revival Petition"), attached as Exhibit 10.

43.    The Revival Petition does not indicate that Mr. Matney was acting on Abstrax's – as opposed to Motorola's – behalf. But it does state, contrary to Motorola's deliberate decision to "drop" the '328 patent, that "[t]he delay in payment of the maintenance fee to this patent was unintentional." Ex. 10 at 6.

44.    Motorola's legal department and intellectual property department were not contacted regarding the filing of the Revival Petition.

45.    On February 5, 2007, the USPTO issued the Revival Order, granting the Revival Petition. *See* Ex. 4.

46.    On information and belief, at the time the Revival Order was issued, the USPTO was unaware that Mr. Matney was not acting on behalf of Motorola, the then-assignee of the '328 patent.

47.    On information and belief, at the time the Revival Order was issued, the USPTO was unaware that Motorola's legal department and intellectual property department were not contacted regarding the filing of the Revival Petition.

48.    On information and belief, the USPTO did not inquire into the truth of the statement in the Revival Petition that the "delay in payment of the maintenance fee to this patent was unintentional." Ex. 10 at 6.   Nor did the USPTO request evidence in support of that statement.

49.    On information and belief, at the time the Revival Order was issued, the USPTO was unaware of the "annuity decision spreadsheet" that reflects Motorola's deliberate decision to "drop" the '328 patent by not paying the Maintenance Fee. *See* Ex. 8 at 2.

### Dell's Petition to Vacate the Revival Order

50.    During the course of discovery in the Infringement Case, Dell discovered the facts surrounding Motorola's deliberate decision to "drop" the '328 patent by not paying the Maintenance Fee, as well as the facts alleged above regarding the improper revival of the '328 patent after it had expired.

51.    On May 19, 2009 Dell petitioned the USPTO asking the Director to vacate the Revival Order in light of the evidence showing, *inter alia*, that:  (1) Motorola made a deliberate decision not to pay the Maintenance Fee before the end of the grace period; (2) the Revival Petition was not filed by Motorola, the then assignee of the '328 patent; and (3) the statement in the Revival Petition that the delayed payment was "unintentional" was not based on personal

knowledge and, in fact, was contradicted by Motorola business records, which showed that Motorola had deliberately decided to "drop" the '328 patent by intentionally not paying the Maintenance Fee. *See generally* Ex. A. This evidence was filed with the USPTO along with Dell's Petition.

52.     On July 23, 2009, the USPTO issued its Order Denying Dell's Petition. The USPTO did not address any of Dell's evidence, but declined altogether to take action on Dell's request. *See* Ex. 2. at 2 ("[T]he USPTO declines to take any action on petitioner's request . . . .").

## COUNT I:  APA Violation in Denying Dell's Petition

53.     Dell repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 52.

54.     The USPTO's Order Denying Dell's Petition and its decision to ignore the evidence that the '328 patent was improperly revived is contrary to law.  For instance, the USPTO's Order stated that:  "[T]he USPTO simply acts in a ministerial capacity in collecting maintenance fee payments and has no obligation to address the concerns of third parties with regard to the Office's fee collection practices. See 35 U.S.C. § 41."  Ex. 2 at 1.  But that view is contrary to Section 41(c)(1), which specifically limits the USPTO's discretion to accept maintenance fees after the statutory grace period to only those instances where the delay was "unintentional" or "unavoidable."

55.     Moreover, the USPTO's Order stated that:  "Petitioner's recourse for the alleged errors underlying the USPTO's decision is to raise the issue as a defense if sued for infringement of the '328 patent." Ex. 2 at 2.  But that view is contrary to binding precedent, which was expressly pointed out to the USPTO in Dell's Petition, foreclosing the assertion of an improper

revival defense in an action for patent infringement. *See* Ex. 1 at 3 (citing *Aristocrat Techs. Austl. Pty Ltd. V. Int'l Game Tech.*, 543 F.3d 657, 663 (Fed. Cir. 2008)).

56.     In addition, the USPTO's Order stated that "Even if the Office has erroneously considered third party petitions challenging the reinstatement of a patent for failure to pay a maintenance fee for other patents, the Office's past actions do not bind the Office in any way." Ex. B at 2. But agency action is arbitrary and capricious if the agency offers insufficient reasons for treating similar situations differently or if the action otherwise represents an unexplained departure from agency precedent. *See, e.g., SKF USA, Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2002); *Transactive Corp. v. United States*, 91 F.3d 232, 237 (D.C. Cir. 1996).

57.     The USPTO's actions here are a substantial and unexplained departure from established USPTO precedent. Specifically, the USPTO has repeatedly refused to accept late maintenance fee payments as "unintentionally" delayed where the delay resulted from a deliberate decision not to pay the fee before the end of the statutory grace period. *See, e.g., In re Patent No.* 5,181,974, 2007 WL 4974450, *4 (Com'r Pat. Aug. 17, 2007); *In re Patent No.* 4,757,541, 1999 WL 34807444, *3 (Com'r Pat. Sept. 13, 1999); *In re Patent No.* 4,496,886, 1998 WL 3580901, * 4 (Com'r Pat. July 6, 1998). As the USPTO has reiterated in multiple decisions: "[a] delay caused by the deliberate decision not to take appropriate action within a statutorily prescribed period does not constitute an unintentional delay within the meaning of 35 U.S.C. § 41." *In re Patent No.* 5,181,974, 2007 WL 4974450 at *4; *In re Patent No.* 4,757,541, 1999 WL 34807444 at *3; *In re Patent No.* 4,496,886, 1998 WL 3580901 at * 4; *see also In re Patent No.* 5,665,388, 2005 WL 5393909, * 9 (Com'r Pat. May 12, 2005) (explaining that "[t]he USPTO has long indicated that the delay resulting from a 'business decision' not to take timely and necessary action is intentional delay that precludes revival or reinstatement.").

58.     Moreover, under USPTO precedent, a later assignee is bound by an earlier assignee's decision not to timely pay the maintenance fee. *See In re Patent No.* 4,757,541, 1999 WL 34807444 at *4 (explaining that "[p]etitioner, as successor in title subsequent to expiration of the above-identified patent, remains bound by the decisions, actions or inactions, of [the earlier assignee], including the decisions, actions, or inactions, which resulted in the deliberate withholding of the timely payment of the maintenance fees for this patent."). It is immaterial that the later assignee may not have known that the maintenance fee was due or that it was not timely paid because the focus must be on the actions of the "responsible party of interest" at the time of expiration. *Id.* at *3.

59.     As pointed out in Dell's Petition, it is established USPTO precedent to vacate an earlier revival order in light of new information evidencing that the previously-granted revival exceeded the USPTO's authority under 35 U.S.C. § 41. *See* Ex. 1 at 4 (citing *In re Patent No. 5,665,388,* 2005 WL 5393909). The USPTO has attempted to explain their departure from this precedent by urging that only the "attorney of record" before the USPTO can submit evidence regarding whether or not the delayed maintenance fee payment was unintentional. *See* Ex. 2 at 2. That explanation, however, is inconsistent with the USPTO's prior action with respect to the very patent at issue. The Revival Petition was filed by Mr. Matney who was <u>not</u> the attorney of record for the '328 patent. There was no evidence or explanation accompanying the Revival Petition regarding the reason for the delayed Maintenance Fee payment, only Mr. Matney's bare assertion that the delay was "unintentional." The USPTO's decision to accept this bare assertion from Mr. Matney, but refuse to consider Dell's evidence that Motorola chose to not pay the Maintenance Fee was an arbitrary and capricious departure from the agency's own precedent.

60.     Accordingly, the USPTO's action to deny Dell's Petition and ignore the evidence that the '328 patent was improperly revived was arbitrary, capricious, an abuse of discretion and not in accordance with the law; unsupported by substantial evidence, and in excess of the USPTO's statutory authority under 5 U.S.C. § 41(c)(1).  That action should therefore be set aside under 5 U.S.C. §§ 701-706, including 5 U.S.C. § 706(2).

### COUNT II:  APA Violation in Issuing Revival Order

61.     Dell repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 60.

62.     The USPTO's action to accept Abstrax's late maintenance fee payment and issue the Revival Order was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and in excess of the USPTO's statutory authority under 5 U.S.C. § 41(c)(1).  That action should therefore be set aside under 5 U.S.C. §§ 701-706, including 5 U.S.C. § 706(2).

63.     Further, injunctive relief in the nature of mandamus is appropriate, compelling the Director to vacate his agency's revival of the '328 patent, because the USPTO has a clear, non-discretionary legal duty under 5 U.S.C. § 41(c)(1) not to accept maintenance fees tendered after the statutory grace period unless the delay was "unintentional" or "unavoidable." *See* 5 U.S.C. § 706(1) ("The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.")  The only evidence of record shows that Motorola deliberately chose to "drop" the '328 patent by not timely paying the Maintenance Fee.  There is no evidence from Motorola to the contrary.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

a.     Issue a declaratory judgment that Dell has standing to challenge the USPTO's acceptance of late maintenance fee payments and revival of the '328 patent;

b. Issue a declaratory judgment that the delay in making the first maintenance fee payment for the '328 patent was not unintentional;

c. Issue an order compelling the USPTO to vacate the Revival Order or, in the alternative, issue an order compelling the USPTO to comply with the requirements of 35 U.S.C. § 41(c)(1) and address the merits of Dell's Petition;

e. Award costs and its reasonable attorneys fees to Plaintiff; and

f. Grant other or further relief as may be appropriate.

Respectfully submitted,

*John M. Faust (by J. Randall Warden)*

John M. Faust
Virginia Bar No. 37598
    jfaust@velaw.com
J. Randall Warden
Virginia Bar No. 73513
    rwarden@velaw.com
Attorneys for Plaintiff Dell Inc.
VINSON & ELKINS L.L.P.
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, DC 20004-1008
(202) 639-6500
(202) 639-6604 (facsimile)

Of Counsel:

Michael A. Valek
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, TX 78746
(512) 542-8807
(512) 236-3284 (facsimile)

Roderick B. Williams
K&L GATES LLP
111 Congress Avenue, Suite 900
Austin, TX 78701
(512) 482-6880
(512) 482-6859 (facsimile)

August 17, 2009